UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHARLES and TERESA KAMINS,                          No. 09-11602

                                    Debtor(s).
_____/

CHARLES and TERESA KAMINS,

                              Plaintiff(s),

             v.                                     A.P. No. 09-1171

ONE WEST BANK FSB,

                              Defendant(s).
_____/

Memorandum on Motion for Preliminary Injunction
_____

　　　The debtors' property at 358 St. Andrews Drive, Napa, California, is on the verge of foreclosure by defendant OneWest Bank, FSB.  The debtors attempted to oppose the Bank's stay relief motion on the grounds that its foreclosure proceedings were defective.  The court granted the motion, holding that it is improper to litigate such matters in a stay relief motion and that the Bank had a colorable claim.  The motion was granted without prejudice to an adversary proceeding.  That adversary proceeding has been filed; the debtors' request for a preliminary injunction is now before the court.

　　　The debtors make two arguments: that the notice of default was defective because the bank or its predecessor in interest was not then the owner of the note secured by the property, and that the

1

1 foreclosure is invalid because the debtors were not contacted prior to the recording of the notice of
2 default as required by Civil Code Section 2923.5(b).

3      There is almost enough information before the court to resolve this case summarily, at least as
4 to the first issue, but summary judgment is not appropriate at this time. The merits of the case are
5 relevant only in making a determination of the likelihood of success.

6      The debtors are unlikely to prevail on their ownership of the note claim, as the Bank is
7 probably correct in arguing that it is the power of sale which effects the foreclosure, not the notice of
8 default. However, the debtors are likely to prevail if they can prove that they were never contacted as
9 required by Civil Code Section 2923.5(b). That is completely a question of fact which is in total
10 dispute.

11      Given the state of real property values, the hardship to the Bank is slight if its foreclosure is
12 delayed for a brief period of time, whereas the debtors will lose the property if the status quo is not
13 maintained. It is certainly not in the public interest to have an other foreclosed property on the market.
14 Accordingly, a brief preliminary injunction is in order.

15      For the above reasons, a preliminary injunction will issue maintaining the status quo so long as
16 the debtors maintain and insure the property and pay the property tax bill which was due December 10.
17 However, the injunction will last only until April 1, 2010. The court will accommodate the debtors by
18 shortening time as necessary to expedite trial, and will make an early trial date available, but it is the
19 debtors' responsibility to bring the case to trial by that date. The equities will not support extension of
20 a preliminary injunction beyond April 1.

21      Counsel for the debtors shall submit a form of preliminary injunction which counsel for the
22 Bank has approved as conforming to this decision.

23 Dated: December 12, 2009

24

25

26                       Alan Jaroslovsky
                       U.S. Bankruptcy Judge

2