UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHARLES and TERESA KAMINS,   No. 09-11602

                Debtor(s).
_____/

CHARLES and TERESA KAMINS,

                Plaintiff(s),

    v.   A.P. No. 09-1171

ONE WEST BANK, FSB, et al.,

                Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

      In what appears to be an act of desperation, plaintiffs and Chapter 11 debtors Charles and Teresa Kamins have filed this adversary proceeding seeking to stop the foreclosure of their real property at 358 St. Andrews Drive, Napa California by defendant One West Bank, FSB. The Kamins allege that the notice of default and notice of sale recorded by defendant NDEX West, LLC, as agent for Indymac Federal Bank, FSB, were void because Indymac did not hold the note and because, according to the Kamins, Indymac did not give a proper notice under California Civil Code 11 2923.5

1

even though it says it did. The court finds no merit in either argument.

The Kamins assert that under California Commercial Code § 3310 only the holder of a note is entitled to enforce it. However, that section is inapplicable to real estate foreclosures, and the argument that it does has no merit. *Linkhart v. U.S. Nat'l Bank Assn.,* 2010 WL 1996895, *3 (S.D.Cal. 2010)["This argument is specious. As courts have unanimously found, section 3301 is inapplicable in the context of foreclosure actions. Section 3301 reflects California's adoption of the Uniform Commercial Code, and does not govern non-judicial foreclosures, which is governed by California Civil Code section 2924."](citations omitted).

The Kamins' argument regarding § 2923.5 fails for two reasons. First, it is not applicable to federally chartered institutions. *Murillo v. Aurora Loan Services, LLC,* 2009 WL 2160579, *4 (N.D.Cal 2009). Second, even if it were applicable to federally chartered institutions, there is no private right of action for enforcement under California law. *Owens v. Wells Fargo Bank, N.A.,* 2010 WL 424473, *2 (N.D.Cal. 2010); *Gaitan v. Mortgage Elec. Registration Sys.*, 2009 WL 3244729, *7 (C.D.Cal.2009) *Farner v. Countrywide Home Loans*, 2009 WL 189025, *2 (S.D.Cal.2009).[1]

For the foregoing reasons, the motion for summary judgment will be granted. Counsel for the Bank shall submit an appropriate form of order and a form of judgment.

Dated: June 12, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] There are cases to the contrary. The court feels that those cases cited above correctly state the law. In any event, the issue is moot as to a federally chartered institution.